IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
EDWIN COSME,

                                Plaintiff,                    **FIRST**
     -against-                                       **AMENDED COMPLAINT**
                                                        (Jury Trial Demanded)

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, INSPECTOR
WILLIAM TAYLOR, tax #914984, OF THE              17-CV-5335 (NGG)(PK)
NARCOTICS BOROUGH QUEENS SOUTH
(at the time of the incident was assigned to the
60th Precinct as Deputy Inspector), SERGEANT
RUBEN DUQUE, tax #919931, OF THE 60th Precinct
And DEFENDANT POLICE OFFICERS
JOHN DOES and/or JANE ROES Nos. 1-10
(whose names are unknown at this time),
OF THE 60TH PRECINCT,

                               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff Edwin Cosme, by his attorney Rochelle S. Berliner, Esq., for his complaint, alleges as follows:

## INTRODUCTION

       1.     Plaintiff Edwin Cosme ("Mr. Cosme") brings this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of his federal constitutional rights. More specifically, on or about March 25, 2016, at approximately 6:00 p.m., Defendant Deputy Inspector William Taylor ("Defendant Taylor"), Defendant Sergeant Ruben Duque ("Defendant Duque"), and Defendant Police Officers John Does and/or Jane Roes Nos. 1-10, each of whom was a member of the New York City Police Department ("NYPD"), 60th Precinct, engaged in the false arrest and unlawful imprisonment against Mr. Cosme.

2. Mr. Cosme brings suit to redress these aspects of the violation of his federal and state constitutional rights.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as the claims of Mr. Cosme arise under Federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as the claims of Mr. Cosme arise under the common law of the State of New York.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the events forming the basis of Plaintiff's Complaint occurred in that District.

## PARTIES

5. Mr. Cosme is a citizen of the United States. He resides in the State of New York, Kings County.

6. Defendant Taylor was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, he was assigned to the 60th Precinct.

7. Upon information and belief, Defendant Taylor is still a member of the NYPD. At all times relevant herein, he was acting within the scope of his employment and under color of law.

8. Defendant Duque was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, he was assigned to the 60th Precinct.

9. Upon information and belief, Defendant Duque is still a member of the NYPD. At all times relevant herein, he was acting within the scope of his employment and under color of law.

10.     Defendant Police Officers John Does and/or Jane Roes #1-10 were, at all times relevant herein, members of the NYPD. Upon information and belief, at all times relevant herein, they were assigned to the 60th Precinct.

11.     Upon information and belief, Defendant Police Officers John Does and/or Jane Roes #1-10 are still members of the NYPD. At all times relevant herein, they were acting within the scope of their employment and under color of law.

12.     Defendant City of New York ("Defendant City") is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of the individually named defendants.

## ADMINISTRATIVE PREREQUISITES

13.     On September 19, 2016, Mr. Cosme filed a timely Notice of Claim with Defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law, concerning his arrest.

14.     At least thirty days have elapsed since Mr. Cosme filed the Notice of Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

15.     A 50-h hearing was held on December 16, 2016.

## FACTS UNDERLYING THE COMPLAINT

16.     On or about March 25, 2016, at approximately 6:00 p.m., Mr. Cosme, the former Chairperson of the Public Safety Committee of Community Board 13, was on the Boardwalk at

Coney Island near West 16th Street, with a group of musicians and approximately 40-50 spectators.

17. Defendant Taylor and Defendant Duque, along with Defendant Police Officers John Does and Jane Roes #1-10, approached Mr. Cosme and the group, smacking cups out of some of the people's hands, announcing in sum and substance, "The party's over" and "There is zero tolerance."

18. Mr. Cosme attempted to reason with Defendant Duque, explaining in sum and substance, "These people are just here to entertain. They're not bothering anyone."

19. Mr. Cosme was holding a bottle of Malta India, a non-alcoholic beverage, which he had just finished and put down.

20. Defendant Taylor, picking up two empty plastic cups from the ground, walked over to Mr. Cosme and accused him of drinking alcohol.

21. Mr. Cosme denied he was drinking alcohol, but nevertheless, compliantly handed over his identification when asked for it by Defendant Taylor.

22. Mr. Cosme noticed that one of the musicians from the group had confronted Defendant Duque, asking in sum and substance, "Why do you always harass us? That's why you mother****** keep getting shot."

23. Defendant Duque responded, "That's a threat."

24. Mr. Cosme, intervening, stated in sum and substance, "No. It's just an opinion."

25. Defendant Duque then slammed the musician to the ground, handcuffing him, kneeing him in the back, and shoving his face into the ground.

26. Mr. Cosme protested, stating in sum and substance, "There is no reason to do that."

27. Meanwhile, other police officers had arrived on the scene.

28. Defendant Police Officer John Doe No. 2 asked Mr. Cosme and another observer who was recording the incident to step back.

29. Mr. Cosme attempted to explain to Defendant Police Officer John Doe No. 2 that Defendant Taylor still had his identification.

30. Defendant Taylor approached Mr. Cosme, yelling obscenities, and ordered that Mr. Cosme be handcuffed.

31. Mr. Cosme asked why he was being handcuffed.

32. Defendant Taylor informed Mr. Cosme it was for drinking alcohol in public.

33. Mr. Cosme subsequently received a summons for "Littering in Park" and for having an "Open Container in Park" under Park Rules and Regulation §§ 1-04(c)(1) and 1-05(f)(1).

34. On or about May 24, 2016, Mr. Cosme appeared in court and pled not guilty and his case was adjourned for trial on June 23, 2016.

35. On or about June 23, 2016, Mr. Cosme appeared in court for trial.

36. After testimony from Defendant Taylor, the court dismissed the summonses.

37. Mr. Cosme, as an active member of the community who also organizes events, had applied for and received several sound permits for the past 7-8 years for these events.

38. Since the within-mentioned incident, Mr. Cosme was denied sound permits for all his events except the two least reliant on amplified sound for a successful event, to wit, 5k races.

39. Upon information and belief, Defendant Taylor is in charge of issuing sound permits.

40. Due to the within-mentioned incident, Mr. Cosme suffered and continues to suffer injury.

41. Mr. Cosme's injuries include continued emotional distress, including anxiety, distrust and fear of police, and injury to his reputation.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights under 42 U.S.C. § 1983)

42. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 41, as if fully set forth herein.

43. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

44. All of the aforementioned acts deprived Plaintiff Edwin Cosme the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

45. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

48. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 47, as if fully set forth herein.

49. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

50. As a result of the foregoing, Plaintiff Edwin Cosme was deprived of his liberty and right to substantive due process, causing severe emotional and psychological harm.

### AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

51. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

52. On March 25, 2016, one or more of the individual defendants placed handcuffs on and detained Plaintiff Edwin Cosme.

53. Defendants did not have probable cause to believe that Mr. Cosme had committed any crime. Put simply, Mr. Cosme did not engage in any conduct that warranted his arrest and detention.

54. Because the individual defendants did not have probable cause to believe that Mr. Cosme had committed a crime, his detention was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

55. As a result of his detention by the individual defendants, Mr. Cosme's liberty was restricted for an extended period of time. Mr. Cosme suffered psychological injury, and continues to suffer psychological injury.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Unlawful Imprisonment under 42 U.S.C. § 1983)

56. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 55, as if fully set forth herein.

57. As a result of the individual defendants' conduct, Mr. Cosme was detained at the scene and at all times he knew he was detained. Moreover, Mr. Cosme did not consent to his confinement.

58. As the behavior of Mr. Cosme provided no justification for these defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

59. As a result of defendants' conduct, Mr. Cosme suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

60. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 59, as if fully set forth herein.

61. On March 25, 2016, Defendant Taylor, Defendant Duque, and/or one or more of the individual defendants, without legal justification or probable cause and with malice charged Mr. Cosme.

62. In prosecuting Mr. Cosme, the Court relied upon information provided by Defendant Taylor and/or one or more of the individual defendants.

63. Ultimately, the charges against Mr. Cosme terminated in his favor. On June 23, 2016, after two appearances and testimony by Defendant Taylor at trial, the charges against him were dismissed.

64. As the behavior of Mr. Cosme provided no justification for these individual defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

65. As a result of this baseless prosecution, Mr. Cosme suffered loss of freedom and was required to appear in court two times. Mr. Cosme suffered psychological injury, and continues to suffer psychological injury.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (First Amendment Retaliation under 42 U.S.C. § 1983)

66. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 65, as if fully set forth herein.

67. At all times relevant herein, Mr. Cosme was simply trying to reason with Defendant Taylor and Defendant Duque. He was not interfering with nor obstructing the defendants from effectuating any arrests or issuing of summonses. This speech challenging the defendants' intimidation, mistreatment and abuse of power is speech obviously protected by the First Amendment, and no reasonably competent police officer would believe otherwise.

68. Apparently, because Defendant Taylor and Defendant Duque found Mr. Cosme's challenge to be offensive, they retaliated by issuing him a summons for offenses that Mr. Cosme did not commit.

69. In further retaliation, Defendant Taylor caused Mr. Cosme to be handcuffed and caused him to be prosecuted on charges which were based on Defendants' knowingly false statements.

70. In so doing, the individual Defendants under color of state law, deprived Mr. Cosme of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including but not limited to deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person, including but not limited to false arrest and false imprisonment; (b) freedom from interference with activity protected by the First Amendment; (c) freedom from retaliatory arrest; (d) freedom from retaliatory prosecution; and (e) freedom from abuse of process.

71. As a result of the individual defendants' conduct, Mr. Cosme's First Amendment Right to Free Speech was violated. As a result, Mr. Cosme suffered psychological injury and continues to suffer injury.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**(Failure to Intervene under 42 U.S.C. § 1983)**

72. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 71 as if fully set forth herein.

73. Defendants had an affirmative duty to intervene on behalf of Plaintiff Edwin Cosme, whose constitutional rights were being violated in their presence by other officers.

74. The defendants failed to intervene to prevent the unlawful conduct described herein.

75. As a result of the foregoing, Mr. Cosme suffered loss of freedom and psychological injury, and continues to suffer psychological injury.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

76. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 75, as if fully set forth herein.

77. The supervisory defendants personally caused Plaintiff Edwin Cosme's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Deprivation of Rights under the New York State Constitution)

78. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 77, as if fully set forth herein.

79. By the actions described above, the individual defendants unlawfully arrested and detained Mr. Cosme, thereby violating Mr. Cosme's rights secured by Article 1, Section 6 of the New York State Constitution.

80. As a consequence thereof, Plaintiff Edwin Cosme has been injured.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Malicious Prosecution under State Law)

81. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 80, as if fully set forth herein.

82. On March 25, 2016, Defendant Taylor and/or one or more of the individual defendants, without legal justification and with malice issued summonses to Mr. Cosme.

83. As a result, Mr. Cosme was required to appear in court. In prosecuting Mr. Cosme, the Court relied upon information provided by Defendant Taylor and/or one or more of the individual defendants.

84. Ultimately, the charges against Mr. Cosme terminated in his favor.  On June 23 2016, after two court appearances, the judge dismissed the charges against Mr. Cosme after hearing  testimony by Defendant Taylor at trial.

85. At all times relevant herein, defendants acted with malice.  They knew, or should have known, that Mr. Cosme was actually innocent of the offenses with which he was charged.

86. As such, the conduct of defendants violated Mr. Cosme's rights protected by the New York State Constitution.

87. As a result of this baseless prosecution, Mr. Cosme suffered psychological injury, and continues to suffer psychological injury.

88. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

89. As the employer of the individual defendants, Defendant City is responsible for Mr. Cosme's injuries under the doctrine of *respondeat superior*.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### (Negligent Hiring and Retention under State Law)

90. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 89, as if fully set forth herein.

91. Upon information and belief, Defendant City failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Mr. Cosme.

92. Defendant City knew, or should have known in the exercise of reasonable care, the propensities of Defendant Taylor, Defendant Duque, and Defendant Police Officers John

Does and/or Jane Roes Nos. 2-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Training and Supervision under State Law)

93. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 92, as if fully set forth herein.

94. Defendant Police Officers owed a duty to act according to the standard of ordinary care of a police officer.

95. Defendant Police Officers breached that duty by failing to act as ordinary police officers would.

96. Upon information and belief Defendant City failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of Mr. Cosme.

97. As a result of the individual defendants' conduct, Plaintiff Edwin Cosme has been injured.

98. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

99. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Cosme suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under State Law)

100. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 99, as if fully set forth herein.

101. One or more of the defendants intentionally and deliberately inflicted emotional distress on Mr. Cosme by falsely arresting or unlawfully imprisoning, or maliciously prosecuting, or by violating his constitutional rights or knew or should have known that emotional distress was the likely result of their conduct.

102. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

103. As a result of Defendants' intentional, extreme and outrageous conduct, Mr. Cosme was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

104. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

105. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Cosme suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## AS AND FOR AN FOURTEENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress under State Law)

106. Plaintiff EDWIN COSME repeats and re-alleges the allegations contained in paragraphs 1 through 105, as if fully set forth herein.

107. One or more of the defendants negligently inflicted emotional distress on Mr. Cosme.

108. Defendants had a continuing affirmative duty to perform their duties as police officers in such a manner as not to inflict emotional distress on Mr. Cosme.

109. Mr. Cosme never interfered with the police officers obligations under the above-described duties.

110. As a result of Defendants' negligent conduct, Mr. Cosme was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

111. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

112. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Cosme suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

113. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, EDWIN COSME prays for the following relief:

(a) compensatory damages in an amount to be determined at trial, but no less than $200,000;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated: Queens, New York
July 2, 2018

                              ROCHELLE S. BERLINER, ESQ.
                              Attorney for Plaintiff
                              118-21 Queens Boulevard, Suite 504
                              Forest Hills, New York 11375
                              (718) 261-5600

By: _____/s/_____

                Rochelle S. Berliner (RB 7463)